**JOHNSON & JOHNSON, a corporation, Petitioner,**

v.

**Honorable Frank A. PICARD, United States District Judge, Respondent.**

**No. 14233.**

United States Court of Appeals Sixth Circuit.

Aug. 26, 1960.

---

Chris M. Youngjohn, Detroit, Mich., Albert H. Pendleton, Olson, Mecklenburger, von Holst, Pendleton & Neuman, Chicago, Ill., Benton A. Bull and Harold Haidt, Legal Department of Johnson & Johnson, New Brunswick, N. J., on brief for petitioner.

E. J. Balluff, Balluff & McKinley, Detroit, Mich., on brief for respondent.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This is an original action in Mandamus to require the District Judge to vacate an order entered by him on April 18, 1960 transferring a patent infringement action pending in the United States District Court for the Eastern District of Michigan entitled Johnson & Johnson v. Shuford Mills, Inc. and Frank W. Winne & Son, Inc., Civil Action No. 19,079 to the United States District Court for the Western District of North Carolina.

The statute under which the District Judge made the order provides:

"§ 1404. Change of venue

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The question in this case is whether the action might have been brought in the North Carolina Court to which the case was transferred.

Venue in patent infringement actions is governed solely by Title 28, U.S.C. § 1400(b), which is as follows:

"§ 1400. Patents and copyrights

\* \* \*

"(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

There is no question of jurisdiction or venue with respect to Shuford which is a North Carolina corporation owning and operating a manufacturing plant at Hickory, North Carolina, in said District where it manufactures and ships articles alleged to infringe Johnson & Johnson patents. It also resided and had a regular and established place of business in North Carolina within the meaning of Title 28, U.S.C. § 1400(b).

The question in dispute between the parties is whether the action might have been brought against Winne in North Carolina.

Winne is a Pennsylvania corporation with its principal place of business in Philadelphia. It was a distributor of

Shuford's products in the United States (except eleven Pacific Coast states) and also represented other manufacturers. It had a regular and established place of business in Detroit, Michigan, where it is claimed to infringe the patents by using and selling articles embodying the inventions described in said patents and by inducing others to infringe. It maintained a number of other branch offices in different states, but not in North Carolina. Winne has an agent who resides in Charlotte, North Carolina, and solicits orders for said articles in that state, South Carolina and part of Virginia. He forwards all orders so solicited to Winne at Philadelphia for acceptance. Upon acceptance, Winne would place orders for the articles with Shuford who would manufacture the articles and ship direct to Winne's customers. Winne made all collections of the purchase price from its customers.

■ Inasmuch as Winne is incorporated and has its principal office in Philadelphia, it cannot be deemed to "reside" in North Carolina. The domicile of the corporation is its state of incorporation. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 226, 77 S.Ct. 787, 1 L.Ed.2d 786.

■ Since Winne does not reside in North Carolina, venue would be lacking unless Winne had a regular and established place of business in that state.

Respondent claims that service of summons could be had on Winne's resident agent in North Carolina and this would be sufficient to confer jurisdiction on the District Court in North Carolina. He argues that in the District Court in Detroit Winne waived venue and consented to the transfer by the Court.

While service of summons on the resident agent might be sufficient to confer jurisdiction and venue under Title 28, U.S.C. § 1391(c) in the ordinary civil action, this is not true in a patent infringement action which is governed entirely by § 1400(b). Fourco Glass Co. v. Transmirra Products Corp., supra.

It was not shown that Winne had a regular and established place of business in North Carolina. The manufacturing plant of Shuford cannot be regarded as Winne's regular and established place of business.

The fact that Winne waived venue does not confer jurisdiction on the District Judge to order the transfer of the case. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254, decided June 13, 1960. As stated by Mr. Justice Whittaker:

"But the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff."

A Writ of Mandamus will, therefore, be issued directing the District Judge to vacate and set aside the order of transfer entered by him.