**HOLUB INDUSTRIES, INC., Petitioner,**

**v.**

**Charles C. WYCHE, United States District Judge, Respondent.**

**No. 8303.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 18, 1961.

Decided May 13, 1961.

Thomas F. McWilliams, Chicago, Ill. (Mann, Brown & McWilliams, Chicago, Ill., on brief), for petitioner.

Alfred W. Petchaft, St. Louis, Mo. (Neville Holcombe, Spartanburg, S. C., on brief), for respondent.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOPER, Circuit Judge.

Holub Industries, Inc., an Illinois corporation, with its principal place of business in Sycamore, Illinois, petitions this court to issue a writ of mandamus directed to the United States District Judge for the Western District of South Carolina, requiring him to vacate an order passed by him on October 8, 1960, in the case of Thiel v. Electric Sales and Supply Company and Holub Industries, Incorporated, D.C., 187 F.Supp. 640. The burden of the petition is that the District Court lacks jurisdiction over the petitioner in the suit.

The original complaint charged that Electric Sales, a South Carolina corporation, with its principal place of business at Spartanburg, South Carolina, had infringed United States Patent No. 2,885,169 by the sale of electrical conduit holders covered by the patent and manufactured by Holub. Subsequently the complaint was amended and Holub was added as a party-defendant and process against it was served upon the Secretary of State of South Carolina. Thereafter Holub appeared specially and moved the court to quash the service of process and to dismiss the complaint as to it on the ground that it does not do any business and has no regular place of business in South Carolina. The motion was denied and Holub was given twenty days within which to answer the complaint. Thereafter, on October 25, 1960, Holub moved the court to amend its order so as to permit an appeal therefrom under the Interlocutory Appeals Act, 28 U.S.C. § 1292, by inserting the statement that the order involved a question of law as to which there was a substantial difference of opinion and that an immediate appeal would materially advance the ultimate determination of the litigation. The District Judge denied this motion on the ground that it was doubtful whether an interlocutory appeal would materially advance the determination of the litigation and upon the further ground that the motion for interlocutory appeal was not filed within ten days after the passage of the order denying Holub's original motion for dismissal.

Having failed to bring the question to this court by interlocutory appeal, Holub now raises it by petition for writ of mandamus based on the contention that under the terms of the patent statute the District Court is so plainly devoid of jurisdiction over Holub that the court should be directed to dismiss Holub as party-defendant in the case at this time.

Venue in an action for patent infringement is fixed by 28 U.S.C. § 1400(b), which is as follows:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business."

The undisputed facts upon which Holub bases its motion to be dismissed as a party-defendant may be summarized as follows. It is a corporation of the State of Illinois where it is engaged in the manufacture and sale of electrical and mechanical products. It has no regular or established place of business or office or warehouse of any kind in South Carolina and is not registered to do business in that state. It has no agents located in South Carolina and no bank account or stock of goods in that state. The sale of its products in South Carolina is pro-

moted by Bennett Rose Company of Charlotte, North Carolina, through its traveling salesmen who visit prospective customers and distribute sales literature issued by Holub. Orders for Holub products are written by Bennett Rose Company and transmitted by mail to Holub for acceptance or rejection. If they are accepted, the merchandise is shipped by common carrier from the Holub plant at Sycamore, Illinois, to the purchaser and the purchaser is billed directly by Holub and payment is transmitted by mail. Bennett Rose Company is paid on a commission basis by Holub and none of its employees has any power to enter into any agreements on Holub's behalf.

Upon this state of facts the District Judge noted that Holub has its principal place of business in Illinois and has taken no action to comply with the laws of South Carolina governing foreign corporations doing business in that state. The judge held, however, that the employment of Bennett Rose Company to act for Holub and to solicit orders for goods within the state, as a result of which Holub shipped merchandise to Electric Sales and Supply Company in South Carolina under a contract of sale, amounted to a doing of business in the state under § 12–703 of the South Carolina Code. He further held that since Holub had failed to comply with the provisions of §§ 12–704, 12–721 and 12–722 of that code, requiring foreign corporations doing business in the state to designate some place as its principal place of business within the state, it was deemed to have designated the Secretary of State of South Carolina as its lawful agent for process. He held that this designated agent became the regular place of business of the defendant for purposes of venue and therefore denied the motion of the defendant to quash the service of process and dismiss the suit against it.

We do not stop to consider the correctness of the holding that Holub was doing business in the State of South Carolina within the meaning of the state and federal decisions on that subject. We confine ourselves to the consideration of the question whether, under the undisputed facts, Holub had a regular and established place of business within the meaning of 28 U.S.C. § 1400(b) set out above. We held in Dow Chemical Co. v. Melton Corp., 4 Cir., 281 F.2d 292, in accordance with the decision of the Supreme Court in Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 229, 77 S.Ct. 787, 792, 1 L.Ed.2d 786, that this statute "is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)." [1] The jurisdictional provisions of the federal statute as thus interpreted must of course take precedence over the provisions of the process statutes of South Carolina however the latter may be regarded in the courts of that state. See Mastantuono v. Jacobsen Mfg. Co., D.C.N.Y., 184 F.Supp. 178. Accordingly it is established that a United States District Court does not have jurisdiction over a civil action for patent infringement unless the court presides in the judicial district where the defendant resides or where he has committed acts of infringement and has a regular and established place of business. It follows that even if Holub has committed an act of infringement in the State of South Carolina the District Court below has no jurisdiction over Holub unless Holub has a regular and established place of business in that state, for it is conceded that Holub is not incorporated and has no residence there within the meaning of the statute. The facts outlined above clearly show that in fact it has no regular and established place of business in the state within the ordinary meaning of those terms as a place where business is regularly carried on. See, in this connection, Phillips v. Baker, 9 Cir., 121 F.2d 752.

1. 28 U.S.C. § 1391(c) provides: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

■ We must therefore consider whether this court has the power to issue the writ of mandamus to correct the error of the District Court or whether, as the plaintiff contends, we must defer decision until a final judgment on the merits of the case in the District Court has been rendered and the case is brought to this court upon appeal. Undoubtedly the appellate court has the power, under 28 U.S.C. § 1651, to issue all writs necessary or appropriate in aid of its jurisdiction, and it is generally held that the authority to issue the writ of mandmus is not confined to the issuing of writs in aid of a jurisdiction already acquired by appeal but extends to those cases which are within its appellate jurisdiction although no appeal has been perfected. Thus in Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 25, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185, it was said:

"The common-law writs, like equitable remedies, may be granted or withheld in the sound discretion of the court. Ex parte, [Republic of] Peru, supra, [318 U.S. 578, at page] 584, [63 S.Ct. 793, 87 L.Ed. 1014], and cases cited; Whitney v. Dick, 202 U.S. 132, 136, 140 [26 S.Ct. 584, 586, 587, 50 L.Ed. 963]. Hence the question presented on this record is not whether the court below had power to grant the writ but whether in the light of all the circumstances the case was an appropriate one for the exercise of that power. In determining what is appropriate we look to those principles which should guide judicial discretion in the use of an extraordinary remedy rather than to formal rules rigorously controlling judicial action."

As to the circumstances under which the appellate court should issue the writ, the Supreme Court added (319 U.S. at page 26, 63 S.Ct. at page 941):

"The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. Ex parte [Republic of] Peru, supra, [318 U.S. at page] 584, [63 S.Ct. at page 797] and cases cited; Ex parte Newman, 14 Wall. 152, 165–[166, 20 L.Ed. 877] 169; Ex parte Sawyer, 21 Wall. 235, 238 [22 L.Ed. 617]; Interstate Commerce Comm'n v. United States ex rel. Campbell, 289 U.S. 385, 394, [53 S.Ct. 607, 77 L.Ed. 1273]. Even in such cases appellate courts are reluctant to interfere with the decision of the lower court on jurisdictional questions which it was competent to decide and which are reviewable in the regular course of appeal. Ex parte Harding, 219 U.S. 363, 369 [31 S.Ct. 324, 55 L.Ed. 252]; cf. Stoll v. Gottlieb, 305 U.S. 165 [59 S.Ct. 134, 83 L.Ed. 104]; Treinies v. Sunshine Mining Co., 308 U.S. 66 [60 S.Ct. 44, 84 L.Ed. 85]."

See also United States v. Smith, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610, and La Buy v. Howes Leather Co., 352 U.S. 249, 255, 77 S.Ct. 309, 313, 1 L.Ed. 2d 290.

■ The rule has been well summed up, we think, in the following quotation from American Airlines v. Forman, 3 Cir., 204 F.2d 230, 232:

"* * * The challenged assumption or denial of jurisdiction must be so plainly wrong as to indicate failure to comprehend or refusal to be guided by unambiguous provisions of a statute or settled common law doctrine. If a rational and substantial legal argument can be made in support of the questioned jurisdictional ruling, the case is not appropriate for mandamus or prohibition even though on normal appeal a reviewing court might find reversible error. * * *"

Applying this rule to the facts in the pending case, we reach the conclusion that the issuance of the writ of mandamus is justified. In similar cases of patent infringement the same decision has been taken when it was found that

the requirements of the statute as to residence or acts of infringement or the maintenance of a regular and established place of business by a party-defendant had not been met. Thus, in Blaw-Knox Co. v. Lederle, 6 Cir., 151 F.2d 973, it was held that the District Court did not have jurisdiction of a patent infringement suit against a defendant which had not committed acts of infringement in the state although it had an established place of business therein and therefore a writ of prohibition might be issued requiring the District Court to revoke its order holding the defendant amenable to process and to dismiss the suit; and in Fink v. Igoe, 7 Cir., 279 F.2d 504, a writ of mandamus was issued directed to the District Judge before whom the case had been tried requiring him to dismiss the action of patent infringement, because it was shown that the defendant did not reside in and did not have a regular and established place of business within the district where it was alleged that infringement of the patent had taken place. See also Johnson & Johnson v. Picard, 6 Cir., 282 F.2d 386.

The action of this court in Columbia Boiler Co. of Pottstown v. Hutcheson, 4 Cir., 222 F.2d 718, in denying a petition for a writ of mandamus was based, as our records show, upon the holding that jurisdiction against a corporate defendant in a suit for patent infringement may be based on the general venue provision as to corporations contained in 28 U.S.C. § 1391(c); but this view was subsequently disapproved in Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786, holding that this section has no application to cases of patent infringement.

■ We are advertent to the decisions in this and other courts which hold that the writ of mandamus is an extraordinary remedy to be used reluctantly and only in exceptional cases where it is beyond dispute that the trial court has failed to exercise its functions or has sought to exercise jurisdiction which it does not possess. See Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98

L.Ed. 106; Smith Transfer Corporation of Staunton, Va. v. Barksdale, 4 Cir., 259 F.2d 498; Walker v. Brooks, 6 Cir., 251 F.2d 555; Hazeltine Corporation v. Kirkpatrick, 3 Cir., 165 F.2d 683; In re Sylvania Electric Products, 1 Cir., 220 F.2d 423. In the pending case, however, it is clear beyond doubt that the court has no jurisdiction over Holub, because it has no residence and no legal or established place of business in South Carolina. The issuance of the writ of mandamus is therefore justified. We assume, however, that the District Judge will take the action indicated in this opinion and that the issuance of the writ will not be necessary.