**Oliver F. MARSTON, Plaintiff,**

**v.**

**L. E. GANT, LTD., et al., Defendants.**

**Civ. A. No. 2200–72–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

July 12, 1972.

G. William King, Richmond, Va., for plaintiff; Alfred P. Ewert, New York City, Herndon P. Jeffreys, Jr., J. Murray Hooker, II, Jeffreys & Lawler, Richmond, Va., on brief.

Richard A. Huettner, New York City, for defendant Telescope Folding Furniture Co.; John P. Kirby, Jr., Kenyon & Kenyon, Reilly, Carr & Chapin, New York City, Alan E. J. Branigan, Griffin, Branigan & Kindness, Richmond, Va., on brief.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MERHIGE, District Judge.

Telescope Folding Furniture Company is named as a party defendant in Count Four of this action for damages and injunctive relief sought by plaintiff for alleged patent infringement. Plaintiff alleges this to be a class action, and further alleges that the members of the class are so numerous that it is impracticable to bring all members before the Court.

Rule 23(c) of the Federal Rules of Civil Procedure requires the Court to determine as soon as practicable after the commencement of the action whether the matter can be maintained as a class action.

There are two general requirements for the maintenance of a class suit . . . the first has to do with numerosity, that is, that the members of the class are so numerous that it is impracticable to bring them all before the Court; and secondly, that the named representatives will fairly insure adequate representation of them all.

I am satisfied from knowledge heretofore gained in my studies in this particular type of case that no numerical test is possible. The purpose of the requirement is to protect the members of a small class from being deprived of their rights without a day in court. See Matthies v. Seymore Mfg. Co., 270 F.2d 365 (2d Cir. 1959).

■ The adequacy of representation should be scrutinized with particular care where suit is brought against a purported class of defendants, the obvious reason being that they cannot be protected adequately if the interest of the defendants, or the members of the class, are in conflict.

■ The Court must find that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that the action, that is the class action, is superior to other available methods for the fair and efficient adjudication of the controversy; in this instance I cannot so find.

■ Count Four in this complaint describes the class as those who within six years prior to the filing of the complaint infringed plaintiff's patent by making, using or selling certain outdoor furniture. It appears to the Court at first blush that the named defendants, certain of whom are described as manufacturers and certain as retailers, cannot adequately represent the interests of the named class by reason of the obvious fact that the interests of the members of the class would greatly differ. The user, for example, would have little interest in the problems of the manufacturer. Any judgment would be binding on members of the class. It appears to the Court that where numerosity is lacking, as in this case, the only remaining justification for a class action would be the presence of common questions of law or fact. The Court cannot find from the pleadings, the arguments and affidavits that the questions of law or fact common to the members of the alleged class predominate over any questions affecting only individual members, as I think is required. See Esplin v. Hirschi, 402 F.2d 94 (10th Cir. 1968). Nor do I find that a class action would be superior to other available methods for the fair and efficient adjudication of the controversy. The Court realizes that any ruling as to a class action may be conditional and may be altered or amended before a decision on the merits. See Federal Rules Civil Procedure 23(c) (1).

The Court accordingly finds conditionally that this action may not be maintained as a class action, and it is so ordered.

The thought also occurs to the Court that in a situation where injunctive relief is concerned, as here, there may be little interest on the part of foreign manufacturers in adequately representing domestic manufacturers in reference to any injunction. They may not care. The power of the Court to do much about it is rather limited.

The Court finds from the pleadings and the affidavits filed herein that the defendant Telescope is entitled to be dismissed as a named defendant pursuant to 28 U.S.C. § 1400(b). There are alternative requirements pursuant to that section. It must be established that the Court presides in the judicial district wherein the defendant either resides or has committed acts of infringement and has a regular and established place of business.

■ The affidavits disclose that the defendant has no regular and established place of business here within the ordinary meaning of those terms, that is, a place where business is regularly carried on. See Holub Industries, Inc. v. Wyche, 290 F.2d 852 (4th Cir. 1961), and American Cyanamid Co. v. Nopco, 388 F.2d 818 (4th Cir. 1968), cert. denied 392 U.S. 906, 88 S.Ct. 2057, 20 L. Ed.2d 1364 (1968). These pleadings come directly under those cases. It is rare that you can find the boxes fit and the colors match, but the colors match here, and the Court has no problem with it.

The Court deems it inappropriate to transfer Count Four to the Northern District of New York. No injustice will be done to the plaintiff, and it would only complicate the matter.

For the reasons stated, the action against Telescope stands dismissed.