106 F.3d 400
 41 U.S.P.Q.2d 1633
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re IMPACT ABSORBENT TECHNOLOGIES, INC. and Loraday
Environmental Products, Ltd., Petitioner.
 No. 96-3496.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1996.
 
 On Appeal from the United States District Court for the Northern District of Ohio.
 N.D.Ohio
 MANDAMUS GRANTED.
 Before: RYAN, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioners, Impact Absorbent Technologies, Inc. ("Impact") and Loraday Environmental Products, Ltd. ("Loraday"), seek a writ of mandamus directing the district court to dismiss this action for lack of personal jurisdiction.[1] For reasons stated herein, the writ will be granted.
 
 I. FACTS
 
 2
 Impact is a California corporation which has engaged in the business of manufacturing absorbent material used in environmental spill control since 1992. It has no offices nor comparable facilities in Ohio. It has not directly transacted any business in Ohio, nor has it contracted with anyone to act on its behalf to market, distribute, or service any of its products in Ohio.
 
 
 3
 Loraday is an Ontario, Canada corporation engaged in the business of marketing and selling absorbent products used in spill control. It is not incorporated in and has not qualified to do business in Ohio. Its sole employee, Peter Lorimer, is neither a resident nor a domiciliary of Ohio.
 
 
 4
 XORB is an Ohio company which began manufacturing and selling absorbent materials in interstate commerce under the XORB mark prior to Impact's entry into the market. XORB has not sought federal registration of its trademark.
 
 
 5
 In November 1994, Loraday was contacted by one of its largest customers, Lafarge Construction Materials, Ltd. ("Lafarge Canada"), requesting spill kits and information for a conference that Lafarge Canada was holding for its district managers. After the meeting, Lafarge Canada requested that Loraday contact a district manager at its affiliate in Ohio ("Lafarge Ohio"). At the manager's request, Loraday sent him a brochure, catalogue, and price list. Lafarge Ohio ordered twenty-four spill kits, which Loraday provided F.O.B. Loraday's facility in Canada.
 
 
 6
 After XORB filed suit, Impact and Loraday moved to dismiss the action for lack of personal jurisdiction. The district court denied the motion. They now seek a writ of mandamus commanding the district court to vacate its order denying the motion to dismiss and to dismiss the complaint for lack of jurisdiction.
 
 II. DISCUSSION
 
 7
 Mandamus is an extraordinary remedy which will only be granted when the petitioner shows that its right to issuance of the writ if "clear and indisputable." In re American President Lines, 929 F.2d 226, 227 (6th Cir.1991). We have adopted the following five guidelines to assist us in determining whether mandamus should issue:
 
 
 8
 (1) The party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired.
 
 
 9
 (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first).
 
 
 10
 (3) The district court's order is clearly erroneous as a matter of law.
 
 
 11
 (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.
 
 
 12
 (5) The district court's order raises new and important problems, or issues of law of first impression.
 
 
 13
 In re Bendectin Prod. Liab. Litigation, 749 F.2d 300, 303-04 (6th Cir.1984) (quoting Bauman v. United States Dist. Court, 557 F.2d 650, 654-55 (9th Cir.1977)). The guidelines will rarely all point in the same direction, and therefore a balancing of the factors is necessary.
 
 
 14
 (1) Whether Alternative Relief Would Be Adequate and (2) Whether Damage Would Be Correctable on Appeal
 
 
 15
 We will consider these two issues in conjunction with each other because they are so closely related. Petitioners claim that, without a writ dismissing the complaint, they will be forced to (a) refuse to answer the complaint and then seek relief from the resulting default judgment, or (b) answer the complaint and litigate the action in a distant, inconvenient forum until final judgment has been rendered. If they choose the first course of action, they will have lost the opportunity to defend on the merits in the event that this court upholds on direct appeal the district court's exercise of jurisdiction. In the second instance, even if they were to obtain relief on direct review, they will have incurred substantial expense in litigating the action in a distant forum. However, this is not the type of uncorrectable damage sufficient to merit issuance of a writ. See In re Chicago, Rock Island & Pac. Ry., 255 U.S. 273 (1921) (declining to issue a writ in a situation where the district court was not clearly without jurisdiction, even though Rock Island was left with the alternatives of refusing to defend and having a default judgment entered against it, or of incurring litigation expenses to defend on the merits and attacking personal jurisdiction on direct appeal).
 
 
 16
 (2) Whether the Order of the District Court Is Clearly Erroneous as a Matter of Law
 
 
 17
 In order for this factor to favor issuance of a writ of mandamus, the district court must have committed clear error in determining that it had personal jurisdiction over petitioners. If, as here, the court decides to rule on the basis of written submissions, XORB bears the burden of merely making a prima facie showing that personal jurisdiction exists. The court "must consider the pleadings and affidavits in the light most favorable to the plaintiff." Welsh v. Gibbs, 631 F.2d 436, 439 (6th Cir.1980), cert. denied, 450 U.S. 981 (1981) (quoting Poston v. American President Lines, 452 F.Supp. 568, 571 (S.D.Fla.1978)).
 
 
 18
 In assessing whether the district court was clearly erroneous in its assertion of personal jurisdiction over petitioners, we must apply the provisions of the Ohio Long Arm Statute, OHIO REV.CODE ANN. § 2307.382 (Baldwin 1994), as well as the Due Process Clause of the Fifth Amendment. Reynolds v. International Amateur Athletic Fed'n, 23 F.3d 1110, 1119 (6th Cir.), cert. denied, 115 S.Ct. 423 (1994). Due process requires that a defendant not present within the forum territory have certain minimum contacts such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).
 
 
 19
 (a) Impact
 
 
 20
 The district court based its assertion of jurisdiction over Impact on subsection (A)(6) of the long arm statute, but did not address due process considerations, which are critical to any personal jurisdiction analysis. Reynolds, 23 F.3d at 1119. Impact has never sold its products, solicited, or advertised in Ohio. Loraday is not its agent, and the actions of a distributor do not create the minimum contacts necessary to extend personal jurisdiction to the manufacturer of a product. R.L. Lipton Distrib. v. Dribeck Importers, 811 F.2d 967, 970 (6th Cir.1987). Impact has not purposefully availed itself of the benefits of the forum state. Since XORB has not shown any minimum contacts with Ohio, it was clear error for the district court to issue an order asserting personal jurisdiction over Impact.
 
 
 21
 (b) Loraday
 
 
 22
 The district court based its conclusion that due process was satisfied with regard to Loraday on the grounds that it sent a brochure, catalogue, and price list to Ohio, and Lafarge Ohio placed an order with Loraday. Telephone calls and letters, without an ongoing business relationship, do not rise to the level of purposeful availment contemplated by due process. Market/Media Research, Inc. v. Union-Tribune Publishing Co., 951 F.2d 102, 105 (6th Cir.1991), cert. denied, 506 U.S. 824 (1992); LAK, Inc. v. Deer Creek Enters., 885 F.2d 1293, 1301 (6th Cir.1989), cert. denied, 494 U.S. 1056 (1990). None of the four causes of action arises out of the isolated sale by Loraday to Lafarge Ohio. Loraday has no physical connection with the state of Ohio. Its one isolated sale was not the result of active solicitation by Loraday, but rather was initiated by Lafarge Ohio. Therefore Loraday does not have the requisite minimum contacts with Ohio, and the district court's assertion of jurisdiction is clearly erroneous.
 
 
 23
 (3) Whether the District Court's Order Is an Oft-Repeated Error or Manifests a Persistent Disregard of the Federal Rules
 
 
 24
 This factor is not relevant to the circumstances of this case.
 
 
 25
 (4) Whether the District Court's Order Raises a New or Important Problem or an Issue of Law of First Impression
 
 
 26
 If the district court's order were allowed to stand, it would subject trademark owners to jurisdiction wherever the stream of commerce leads their goods, because the district court required no minimum contacts when it subjected Impact and Loraday to personal jurisdiction.
 
 III. CONCLUSION
 
 27
 Although uncorrectable damage may not result if petitioners are forced to wait for a remedy on direct appeal, the clearly erroneous nature of the district court's order calls for a more immediate remedy. Issuance of a writ is appropriate when "[t]he challenged assumption or denial of jurisdiction [is] so plainly wrong as to indicate failure to comprehend or refusal to be guided by unambiguous provisions of a statute or settled common law doctrine." Holub Indus. v. Wyche, 290 F.2d 852, 855 (4th Cir.1961) (quoting American Airlines v. Forman, 204 F.2d 230, 232 (3rd Cir.), cert. denied, 364 U.S. 806 (1953)). In Johnson & Johnson v. Picard, 282 F.2d 386 (6th Cir.1960), we granted a writ vacating an order of transfer because the district judge had failed to consider whether the court to which the action was transferred had personal jurisdiction, a requirement which was clearly mandated by 28 U.S.C. § 1400(b). Likewise, the district court in the instant case asserted jurisdiction without properly considering the common law requirement of minimum contacts, and a writ should issue ordering the district court to vacate its order denying Impact's and Loraday's motion to dismiss and to dismiss the complaint for lack of jurisdiction.
 
 
 28
 WRIT GRANTED.
 
 
 
 [1]
 Respondent, XORB Corporation ("XORB"), filed suit alleging false designation of origin, fraudulent registration of a trademark, false advertising, and unfair competition