John SYPERT, Petitioner,

v.

Honorable Julius H. MINER, Judge of the United States District Court for the Northern District of Illinois, Eastern Division, Respondent.

No. 12539.

United States Court of Appeals
Seventh Circuit.
April 28, 1959.

James A. Dooley, Chicago, Ill., for petitioner.

Charles D. Snewind, Chicago, Ill., for respondent.

Before DUFFY, Chief Judge, and PARKINSON and KNOCH, Circuit Judges.

DUFFY, Chief Judge.

This is a petition for a writ of mandamus. Petitioner asks that respondent be directed to vacate and set aside an order in a case which was pending in the United States District Court for the Northern District of Illinois, entitled: Sypert v. Bendix Aviation Corporation, 172 F. Supp. 480. The order attacked is one whereby the cause was transferred to the United States District Court for the Northern District of Texas at Dallas, Texas.

For a number of years, petitioner has resided and still resides in Dallas, Texas. In 1952 he was employed as an aviation mechanic in the plant of Chance-Vought Aircraft Corporation in that city. On August 18, 1952, he received injuries while at work which he claims resulted from the explosion of an oxygen regulator manufactured by Eclipse Pioneer Division of defendant corporation. Defendant was organized under the Laws of the State of Delaware.

On December 8, 1953, plaintiff Sypert instituted suit against defendant in the United States District Court for the Northern District of California. After defendant pleaded the one-year California Statute of Limitations, plaintiff dismissed the suit.

On January 29, 1954, defendant received a permit to transact business in the State of Texas, and at the same time appointed a registered agent who resided in Dallas, Texas. More than six months later, on August 3, 1954, plaintiff instituted suit in the United States District Court for the Northern District of Illinois, and the cause was assigned to Honorable Julius J. Hoffman, one of the Judges of that Court.

On October 26, 1954, defendant filed a motion to transfer the cause to the State of Texas pursuant to Title 28 U.S. C.A. § 1404(a). Briefs were filed and on October 31, 1955, Judge Hoffman denied the motion to transfer. On January 13, 1958, trial was commenced before Judge Hoffman and the cause was submitted to a jury, but the jury was unable to agree upon a verdict. Thereafter the cause was assigned to the calendar of Honorable Julius H. Miner, the respondent herein.

On March 5, defendant again moved to transfer the cause to the State of Texas. We learn from the motion papers and the record before us that on the trial before Judge Hoffman, seven witnesses testified for plaintiff, five of whom were brought from Texas to Chicago. Four witnesses testified for defendant, three of whom were brought from Texas, and one, defendant's mechanical engineer, resided in Davenport, Iowa. All of the occurrence witnesses reside in Dallas, Texas. The four doctors who treated plaintiff at Baylor Hospital in Dallas, all reside and have their offices in that city. There is a showing that the testimony of at least one witness who lived in Texas and who could not be present at the Chicago trial, was offered by deposition. Defendant also claims that testimony of certain prospective witnesses was not presented at the trial because their presence could not be compelled in Chicago; also that certain documents and reports are available and subject to subpoena in Dallas. Both sides agree that substantive Texas law must be applied.

Plaintiff, the petitioner herein, strongly objects to the transfer, claiming that plaintiff would have to engage a Texas attorney "who would be without the benefit of the technical knowledge necessary to present the case, and who would likewise be without first hand knowledge of what had occurred at the first trial." However, plaintiff's principal objection seems to be that an expert witness who testified at the trial cannot go to Texas. This witness is Chief Petty Officer John Trunda who is stationed at the Naval Air Station at Glenview, Illinois. Just why Trunda cannot attend the trial in Texas is not explained. The claim is also made that Trunda's commanding officer permitted two oxygen regulators to be used at the trial for demonstration purposes.

In the court below, petitioner argued that Judge Hoffman's denial of a motion to transfer the cause to the United States District Court at Dallas, Texas, prevented Judge Miner from entering an order granting the transfer because of the doctrine of *res judicata*. On this appeal, petitioner does not use the words *"res judicata"* but does raise the question whether in a multi-judge court after one judge has denied a motion to transfer, another judge in the same court may thereafter order a transfer.

■■ Implicit in the doctrine of *res judicata* is a final judgment. In the case at bar no final judgment has been entered. We hold Judge Miner had the power and the right to entertain the second motion for transfer.

■ Considerable emphasis is given by respondent to the fact that in another case, Judge Hoffman stated from the bench that he had made a mistake in denying the motion to transfer in the instant case. It may be a matter of interest that Judge Hoffman has changed

his view. However, we are certain that when Judge Hoffman declined to enter the order, he was of the opinion he had sufficient grounds for so doing. Therefore, we give no effect one way or the other to the fact that the Judge may have since changed his mind.

■ Petitioner points out that the affidavit submitted by defendant's attorney did not list the witnesses or state the testimony that such witnesses would give. Petitioner cites General Portland Cement Co. v. Perry, 7 Cir., 204 F.2d 316. That case is not applicable here. In the case at bar a trial had already been held and it is a fair inference that the principal witnesses who testified at the first trial would also give testimony in the second. The records of the District Court revealed the names of the numerous witnesses who resided in Dallas.

Both sides cite Chicago, Rock Island & Pacific R. Co. v. Igoe, 7 Cir., 220 F.2d 299. In that case we discussed in some detail the three factors prescribed by Title 28 U.S.C.A. § 1404(a) which a trial court must consider on motions to transfer a cause. These are 1) the convenience of the parties; 2) the convenience of the witnesses; and 3) the interest of justice.

■ In spite of the arguments of plaintiff's trial counsel who lives in Chicago, the convenience of the parties and the convenience of the witnesses will best be served by a trial at Dallas, Texas. The only one who might be inconvenienced is plaintiff's Chicago counsel, and that is not a controlling factor. There are no controverted questions in this case which depend upon any event occurring in the Northern District of Illinois.

The only other argument of petitioner requiring any discussion is whether the transfer to Dallas would be in the interest of justice. Under this heading is the claim that Chief Petty Officer Trunda cannot attend the trial which will be held in Texas. We doubt that a sufficient showing has been made that Trunda cannot attend any such trial, but assuming such to be a fact, there certainly is no showing that Trunda is the only person who can explain the operation of an oxygen regulator. Trunda first heard of this case the day before the trial commenced. Trunda undoubtedly has a good working knowledge of the construction and operation of oxygen regulators. He testified he had had two short courses pertaining thereto while in the navy. However, there is no showing he is a "highly trained expert."

Glenview Naval Air Station is not a major overhaul station for oxygen regulators. There are four such in the country, one being at Corpus Christi, Texas. It is difficult to understand why a satisfactory "expert" would be available at Glenview and none at a major overhaul station such as Corpus Christi, Texas.

We note an increased number of petitions for mandamus where contested motions for transfer under § 1404(a) are involved. Apparently a number of attorneys are filing petitions for mandamus under circumstances where an appeal might be taken in an ordinary case.

■■ In Chicago, Rock Island & Pacific R. Co. v. Igoe, 7 Cir., 220 F.2d 299, at page 304, we pointed out in some detail that to warrant action by our Court in passing on such petitions, something more must be shown than an erroneous decision by the District Court. We emphasized that an abuse of discretion must clearly appear. Mandamus is a drastic and extraordinary remedy and petitions therefor hereafter filed in this Court which, in fact, involve only an erroneous decision will, in all likelihood, be summarily denied. Members of the Bar should not file petitions for mandamus in transfer cases unless they can make out a strong case of abuse of discretion.

There was no abuse of discretion by Judge Miner in transferring the cause to Dallas, Texas. The petition for mandamus is

Denied.