

here involved demonstrates no such intent. Indeed, it discloses a contrary one. The Interstate Commerce Act (49 U.S.C. Chapter 1) is limited in its application to common carriers engaged in interstate and foreign transportation "but only insofar as such transportation * * * takes place within the United States" (49 U.S.C. §§ 1(1) (a), 1(2)). The coverage of the Railway Labor Act as amended (see fn. 1), being dependent upon the coverage of the Interstate Commerce Act was therefore held by the National Mediation Board not to extend beyond the United States. This determination was upheld by the Court of Appeals of the District of Columbia. Air Line Dispatchers Association v. National Mediation Board, 1951, 89 U.S.App.D.C. 24, 189 F.2d 685, certiorari denied, 1951, 342 U.S. 849, 72 S.Ct. 77, 96 L.Ed. 641. Plaintiff, being certified for the purposes of the Railway Labor Act, may not represent foreign nationals, foreign-based, exclusively employed in foreign areas. The Eighth Circuit is in agreement. Air Line Stewards and Stewardesses Ass'n International v. Northwest Airlines, 8 Cir., 1959, 267 F.2d 170, certiorari denied, 1959, 80 S.Ct. 208, 4 L.Ed.2d 156.

Affirmed.

William E. Bufalino, Detroit, Mich., pro se.

No appearance for appellee.

Before SHACKELFORD MILLER, Jr., and WEICK, Circuit Judges, and WILLIAM E. MILLER, District Judge.

**William E. BUFALINO and Teamsters Local 985, Appellants,**

v.

**Robert KENNEDY, Appellee.**

No. 13844.

United States Court of Appeals Sixth Circuit.

Dec. 4, 1959.

PER CURIAM.

In this defamation action in tort, filed in the United States District Court for the Eastern District of Michigan, the appellee, who was alleged in the complaint to be a citizen and resident of Virginia, was served with process in Boston, Massachusetts. The District Judge sustained appellee's motion to quash the return of service.

Appellants' subsequent motion, pursuant to the provisions of Sec. 1404(a), Title 28 U.S.C., for a change of venue to the United States District Court for the District of Columbia, where the alleged tort was committed, was overruled, from which order this appeal was taken.

The order appealed from is not an appealable order. Sections 1291, 1292, Title 28 U.S.C.; Lemon v. Druffel, 6 Cir., 253 F.2d 680, certiorari denied 358 U.S. 821, 79 S.Ct. 34, 3 L.Ed.2d 62; All

**72**

States Freight v. Modarelli, 3 Cir., 196 F.2d 1010, 1011; Littman v. Bache & Co., 2 Cir., 246 F.2d 490.

The fact that the ruling is an important one in the final disposition of the case does not make it appealable. City of Morgantown v. Royal Insurance Co., Ltd., 337 U.S. 254, 258, 69 S.Ct. 1067, 93 L.Ed. 1347.

It is ordered that the appeal be dismissed.

**Ben C. LEEHANS, Appellant,**

v.

**AMERICAN EMPLOYERS INSURANCE COMPANY, Inc., Appellee.**

**No. 17826.**

United States Court of Appeals Fifth Circuit.

Dec. 30, 1959.

Garland R. Rolling, Metairie, La., for appellant.

Robert E. Leake, Jr., New Orleans, La., Faris, Leake & Emmett, New Orleans, La., of counsel, for appellee.

Before JONES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

The appellant, who was plaintiff in the district court, sued the liability insurer of the operator of a restaurant charging that he sustained injuries to his hands from an acid alleged to have been present in the soap supplied in a washroom of the restaurant. Pain, suffering, disablement and disfigurement were alleged in the complaint and damages in the amount of $13,045 were sought. Diversity of citizenship was the basis of federal jurisdiction. The defendant, the appellee here, moved to dismiss and asserted, as a ground for the motion, that the injuries were so minor that the claim for damages exceeding the jurisdictional amount of $10,000 was not made in good faith. The deposition of the doctor who treated the plaintiff was taken. The court granted the motion and entered judgment for the defendant. On appeal it is urged that where the pain and suffering are alleged the jurisdictional amount as alleged by a plaintiff must be accepted. Such is not the rule. Turner v. Wilson Line of Massachusetts, 1 Cir., 1957, 242 F.2d 414. The holding of the Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, does not, as the plaintiff urges, require a reversal. The record sustains the action of the district court. Its judgment is

Affirmed.