295 F.2d 703
 CHEMETRON CORPORATION, a Delaware corporation, Petitioner,
v.
Honorable Joseph Samuel PERRY, Judge of the United States District Court, for the Northern District of Illinois, Respondent.
 No. 13440.
 United States Court of Appeals Seventh Circuit.
 October 17, 1961.
 
 William R. Jentes, Chicago, Ill., for petitioner.
 Neil McKay, Chicago, Ill., for respondent.
 Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 Chemetron Corporation, a Delaware corporation, petitioner, prays for the issuance of a writ of mandamus directed to the Honorable Joseph Samuel Perry, Judge of the United States District Court, for the Northern District of Illinois, compelling him to vacate his order transferring to the Southern District of Florida an action which petitioner filed on July 6, 1961 in the district court of the United States for the Northern District of Illinois, Eastern Division, against Air Reduction Company, Inc., a New York corporation, known as Civil Action No. 61 C 1146. The complaint filed in said action prayed that Air Reduction be enjoined and restrained from interfering with or inducing a breach of a valid contract between petitioner and Florida Steel Corporation, and for damages.
 
 
 2
 The petition alleges, inter alia, the facts now stated.
 
 
 3
 Air Reduction's principal place of business is in New York, New York. On July 6, 1961 petitioner procured an order, without notice on bond, temporarily restraining Air Reduction from interfering with or inducing a breach of said contract; that after service of complaint, attorneys for Air Reduction filed its appearance and moved to vacate said restraining order, which motion was denied. On July 14, 1961, Air Reduction filed its motion under 28 U.S.C.A. § 1404 (a) for transfer of said action to the Southern District of Florida and, by agreement, the restraining order was extended to July 25, 1961, and petitioner's motion for a preliminary injunction was set for hearing on that date.
 
 
 4
 On July 20, 1961[1] the motion of Air Reduction for transfer was heard before Judge Joseph Samuel Perry upon the complaint and the contract attached thereto, Air Reduction's motion for transfer, annexed affidavits, a memorandum in support of the motion, a supplementary memorandum in support of the motion, and the depositions of two Florida witnesses; and affidavits, depositions of two New York witnesses and a memorandum filed by petitioner in opposition to the requested transfer.
 
 
 5
 Answering the petition herein, respondent Judge Perry avers that he carefully read and studied the matters before him and the arguments presented, and reviewed the decision of this court involving the transfer of cases under section 1404(a). He calls attention to the fact that the complaint alleges that the plaintiff asks damages in the amount of one million dollars and demands a trial by jury. The court ascertained that this was a sharply contested lawsuit with many important issues of fact and of law to be decided.
 
 
 6
 Respondent "denies that petitioner is entitled to the relief sought".
 
 
 7
 In its brief here, petitioner submits that the district court's order of transfer was a clear abuse of discretion on the record in this case.
 
 
 8
 Here is a clear recognition of the well-established principle that we are not privileged to substitute our judgment for that of the district court upon the propriety of the transfer of a case. If relief is to be granted to petitioner it must appear from the record that respondent has been guilty of a clear abuse of discretion in ordering the transfer. Sypert v. Miner, 7 Cir., 266 F.2d 196, 199.
 
 
 9
 We hold that a clear right to mandamus must be shown and that there is no showing here that respondent was arbitrary so as to abuse his discretion. It is clear that he had reasons based on what was before him for ordering the transfer and we cannot review his judgment based on those reasons.
 
 
 10
 Accordingly, we hold that petitioner is not entitled to a writ of mandamus as prayed and its petition therefor is denied.
 
 
 11
 Writ denied.
 
 
 
 Notes:
 
 
 [1]
 The date was changed by order entered July 17, 1961