The **BUTTERICK COMPANY, Inc.,** a corporation, Petitioner,

v.

**Honorable Hubert L. WILL, Respondent.**

**No. 13887.**

United States Court of Appeals Seventh Circuit.

April 3, 1963.

Edward R. Adams, Sidney S. Gorham, Jr., Chicago, Ill., for petitioner.

John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for respondent.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a petition for mandamus to compel respondent to vacate an order denying petitioner's motion to transfer a case to the Southern District of New York, and to compel entry of an order transferring the case. This court issued a rule to show cause, and respondent answered.

The underlying case in the District Court, an action in equity, is Schiek v. The Butterick Company, Inc., a New York corporation with principal place of business in New York City, to enforce payment of dividends to Schiek, an Illinois citizen, who owns 200 of the 32,406 shares of the non-cumulative preferred

stock. On May 11, 1961, Butterick's board of directors decided not to pay a dividend due on July 1, 1961, and Schiek's suit followed.[1]

After briefs and affidavits for and against the motion to transfer were filed, respondent denied the motion, and the petition at bar followed.

■ It is fundamental that petitioner had the burden of showing a clear right to this extraordinary writ. Chemetron Corp. v. Perry, 295 F.2d 703, 704 (7th Cir., 1961). The question is whether respondent clearly abused his discretion in denying the motion to transfer.

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Butterick had the burden of making a "clear showing" that the "balance of conveniences" weighed in its favor. Koster v. Lumbermens Mutual Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947).[2] This court said in Chicago, Rock Island and Pacific Railroad Co. v. Igoe, 220 F.2d 299, 302 (7th Cir., 1955), cert. denied, 350 U.S. 822, 76 S. Ct. 49, 100 L.Ed. 735 (1955): "In considering the three factors prescribed by the statute, the District Court should bear in mind that in filing an action the plaintiff is permitted to choose any proper forum and that the plaintiff's choice of forum should not be lightly set aside."

In Igoe, this court set out several factors to be considered. They include: the relative ease of access to sources of proof, availability of compulsory process for, and expense of obtaining attendance of, witnesses, and the condition of the court calendar. It said a district court is limited in exercising its "broad discretion" to consideration of the convenience of parties and witnesses and "the inter-

1. Originally filed in the Circuit Court of Cook County, defendant removed it to the Northern District of Illinois, Eastern Division.

2. That case dealt with a motion to dismiss under the doctrine of *forum non*

*conveniens*, before § 1404(a) was enacted. But as Judge Hand pointed out in Foster-Milburn Co. v. Knight, 181 F. 2d 949 (2d Cir., 1950), that section was drafted in accordance with the doctrine of *forum non conveniens*.

ests of justice," but that it must apply the "three" factors. Clearly the court in Igoe did not intend to exclude other considerations falling within the term "in the interest of justice" because it stated that the term connotes conditions which further the administration of justice including the interest of the parties and of society.

Respondent in the proceeding at bar considered the elements set forth in § 1404(a) and by this court in Igoe. He weighed the factors presented by the affidavits and the balance of convenience and inconvenience of the parties, and in his Return in this court, he noted the difficulty of speculating before trial on what proof would eventually be produced. He thought that Butterick was better able to bear the inconvenience and expense of trial in Chicago than plaintiff was to bear the inconvenience and expense of trial in New York. He implied that the additional expense to plaintiff of prosecuting his suit in New York might result in his terminating the litigation, and noted that Butterick would not be precluded by economic considerations from proceeding in Chicago. He noted that plaintiff had selected an Illinois court, as his forum.[3]

Respondent, following the guides of § 1404(a) and Igoe, gave reasons for his decision, and we cannot say that his denial of the motion to transfer was an abuse of discretion. Chemetron Corp. v. Perry, 295 F.2d 703 (7th Cir., 1961).

None of the cases cited are controlling in Butterick's favor. Even if facts were on all fours, who can say, where the ground rules in Igoe were followed, that one judge's exercise of discretion must conform to another's? Even if we thought the court erred in the exercise of its discretion, mere error would not be enough for the extraordinary relief of mandamus, Sypert v. Min-

er, 266 F.2d 196, 199 (7th Cir., 1959), cert. denied, 361 U.S. 832, 80 S.Ct. 82, 4 L.Ed.2d 74 (1959), unless the error was so clear and arbitrary as to amount to an abuse of discretion. We have considered all points made by Butterick and have passed on all we deem necessary to this decision. No abuse of discretion is shown.

For the reasons given, the petition for writ of mandamus is denied.

---

3. We are not disposed to grant the writ merely because respondent considered Butterick's failure to raise the *forum non conveniens* issue in the Circuit Court of Cook County. He did not go beyond the factors in § 1404(a), limiting his discretion. He thought of Butterick's failure to raise *forum non conveniens* in its bearing on the factors of convenience of the parties and witnesses.