**J. Bryant KASEY and Mary Ann Kasey, Appellants,**

v.

**MOLYBDENUM CORPORATION OF AMERICA, a corporation, Appellee.**

**No. 22237.**

United States Court of Appeals
Ninth Circuit.

Feb. 20, 1969.

J. Bryant Kasey, in pro. per.

Everett B. Laybourne and Dennis Keeley, of Schultheis, Laybourne & Dowds, Los Angeles, Cal., for appellee.

Before BARNES, CARTER and HUF-STEDLER, Circuit Judges.

BARNES, Circuit Judge:

Appellants' current action in this court is the latest development in legal proceedings dating back to 1959, when appellants seeking recovery of certain mining properties, an accounting, and damages, filed a diversity action in the United States District Court for the Central District of California.[1] Jurisdiction was predicated on 28 U.S.C. § 1332, the district court having found appellants to be California citizens and appellee to be a Delaware corporation. Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 562, n. 1 (9th Cir. 1964). The property that is the subject of the litigation is located at Mountain Pass, California, approximately 240 miles from Los Angeles and 60 miles from Las Vegas, Nevada, where appellants, formerly California residents, now make their home. Citing both the inconvenience of travel to Los Angeles and the alleged bias of the district court hearing the case there, appellants moved, under 28 U.S.C. § 1404(a),[2] for a change of venue to the United States District Court in Las Vegas. This motion was denied, the district court ruling that suit could not have been instituted in Nevada; that a change of venue would not be in the interest of justice;

---

1. In previous state actions by both the Kaseys and Molybdenum for declaratory and other relief, the California District Court of Appeals rendered judgments, now final, declaring some of the rights of the parties as to these properties. Kasey v. Molybdenum Corp. of America, 176 Cal.App.2d 346, 1 Cal.Rptr. 393 (1959); Molybdenum Corp. of America v. Kasey, 176 Cal.App.2d 357, 1 Cal. Rptr. 400 (1959).

2. "§ 1404(a). Change of venue
    (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

and that appellants have not experienced prejudice in the federal court where they originated suit. (Tr. at 13–14.)

In their *propria persona* appeal of this ruling to our court, appellants contend that we have power to hear the case under 28 U.S.C. §§ 1291, 1331 and 1332.[3] Our scrutiny of relevant precedent and our evaluation of well reasoned policy compel us to conclude that appellants' attempts at fixing jurisdiction in this Court of Appeals by direct appeal, are unpersuasive.

■ Appellants cannot rely upon 28 U.S.C. § 1291 because, as the language of that provision clearly states, a prerequisite to its applicability is that the decision appealed under it be "final." [4] A judicial rejection of a 1404(a) motion is an interlocutory order not appealable

as a final judgment.[5] Ford Motor Co. v. Ryan, 182 F.2d 329 (2d Cir.) *cert. denied* 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950); Bufalino v. Kennedy, 273 F.2d 71 (6th Cir. 1959); 1 Barron & Holtzoff, Federal Practice & Procedure, § 86.7 at 433 (Wright ed. 1960).

■ The significant issue posed by this appeal, and one until recently a matter of first impression in this circuit, is whether we can treat this appeal as petition for the extraordinary writ of mandamus, and thus review an order denying a 1404(a) transfer. Lacking an authoritative pronouncement by the Supreme Court [6] on the correctness of the issuance of the writ to evaluate a trial court's discretion,[7] the circuits are drastically divided on the question.[8] This circuit has,

3. 28 U.S.C. §§ 1331 and 1332 relate to the original jurisdiction of the United States District Courts, a matter not here in issue. See n. 1, *supra.* Obviously, they are of but slight relevance to this appeal.

4. 28 U.S.C. § 1291 reads, in part, "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * *."

5. Nor can appellants rely upon 28 U.S.C. § 1292(b), which reads in part:
   "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."
   This provision is inapplicable when the trial judge (as appears here) has not certified for an immediate review. *See, e.g.* Chappell & Co. v. Frankel, 367 F.2d 197, 200 (2d Cir. 1967); 69 Yale L.J. 333 (1960); 72 Harv.L.R. 584 (1959).

6. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955) (no abuse of discretion; mandamus issue not considered); United States v. National City Lines, 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226 (1949) (no error below; no consideration of mandamus issue).

7. Alleged error relating to the *legal* limitations of a 1404(a) transfer can be

evaluated through mandamus proceedings. Van Dusen v. Barrack, 376 U.S. 612, 615, 84 S.Ct. 805, 11 L.Ed.2d 945, n. 3 (1964).

8. Loew's, Inc. v. McGuire, 92 U.S.C.App. D.C. 319, 205 F.2d 719 (1953); In re Josephson, 218 F.2d 174 (1st Cir. 1954); Torres v. Walsh, 221 F.2d 319 (2d Cir.), *cert. denied* 350 U.S. 836, 76 S.Ct. 72, 100 L.Ed. 746 (1955); H. L. Green Co. v. MacMahon, 312 F.2d 650 (2d Cir.), *cert. denied* 372 U.S. 928, 83 S.Ct. 876, 9 L.Ed.2d 736 (1962); American Flyers Airline Corp. v. McGohey, 390 U.S. 1012, (2d Cir.), *cert. denied* American Flyers Airline Corp. v. McGokey, 390 U.S. 1012, 88 S.Ct. 1262, 20 L.Ed.2d 162 (1968); Wolfson v. Palmieri, 394 F.2d 7 (2d Cir. 1968); All States Freight v. Modarelli, 196 F.2d 1010 (3d Cir. 1952, *en banc* opinion); Swindell-Dressler Corp. v. Dumbauld, 308 F.2d 267 (3d Cir. 1962); General Tire & Rubber Co. v. Watkins, 373 F.2d 361 (4th Cir.), *cert. denied* 386 U.S. 960, 87 S.Ct. 1031, 18 L.Ed.2d 109 (1967); Ex Parte Chas. Pfizer & Co., 225 F.2d 720, 723 (5th Cir. 1955); Panhandle Eastern Pipe Lines Co. v. Thornton, 267 F.2d 459, 461 (6th Cir. 1959); Goranson v. Kloeb, 308 F.2d 655 (6th Cir. 1962); Chemetron Corp. v. Perry, 295 F.2d 703 (7th Cir. 1961); Chesapeake & O. R. Co. v. Parsons, 307 F.2d 924 (7th Cir. 1962), *rev'd on other grounds* 375 U.S. 71, 84 S.Ct. 185, 11 L.Ed.2d 137 (1963); McGraw-Edison Co. v. Van Pelt, 350 F.2d 361, 363 (8th Cir. 1965). *Cf. also,* for the diverse approaches to the problem, "Appealability

without discussion, decided that jurisdiction does exist by such a writ. Pacific Car & Foundry Co. v. Pence, 403 F.2d 949 (1968).

Prior to Pacific Car & Foundry Co. v. Pence, *supra,* this court examined (in Gulf Research & Dev. Co. v. Harrison, 9 Cir., 185 F.2d 457 (1950), *aff'd* 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 668 (1952)) a petition for a writ of mandamus to compel the withdrawal of a transfer order issued under 28 U.S.C. § 1406. In declining to grant the writ, we pointed out that while we had the power to issue the writ, "to prevent a grave miscarriage of justice," 185 F.2d at 459, we would decline to do so absent extraordinary circumstances. In Shapiro v. Bonanza Hotel Co., 185 F.2d 777 (9th Cir. 1950), the same panel that considered the *Harrison* case ruled that an order denying plaintiff's motion for a change of venue from the district court for the District of Nevada to the district court for the Southern District of California was not appealable since it was an interlocutory order. Treating the appeal as though it were a petition for a writ of mandamus, the court stated such a writ could be issued "if it clearly appears that the district court was in error." 185 F.2d at 779. Because the defendant was not amenable to process in California, the court found no error in the trial judge's refusal to transfer. The merits of plaintiff's argument were not evaluated; the case cannot be considered controlling on whether or not mandamus will lie to correct such improper action by the district court as an abuse of discretion.

Although appellee does not refer to this case, it does make use of its rationale. The case is germane to the problem at hand because appellee has contended that the action of the district court was correct since the United States District Court in Nevada is not one where the action "could have been

brought;" because an attempt to recover California land was a part of appellants' original cause of action, the suit in federal district court must be heard in California.

The record is devoid of evidence revealing, or a finding determining, whether appellee was subject to the personal jurisdiction of a Nevada state court. In denying the motion for transfer, the trial judge stated the action could not have been "instituted" in Nevada. This holding may refer either to an inability to obtain personal service or, as indicated by appellee's argument, a lack of subject matter jurisdiction. Rather than prolong an already lengthy trial by remanding the case for clarification on this point, we will adopt what we feel is, because appellants appear in *propria persona,* a more considerate approach: we will assume the threshold issue in the 1404(a) proceeding, that suit could have been initiated in the United States District Court in Nevada, and examine the merits of this appeal which we are treating as a petition for a writ of mandamus.

In *Pence, supra,* we granted a writ of mandamus without discussing in detail the law applicable to such a result, save to say we would review "clearly erroneous orders" made under 1404(a), as do most of the other circuits. Mindful of the variety of approaches now utilized by the courts of appeals in issuing the writ (n. 8, *supra*), we recognize we should proceed with caution in using the writ of mandamus when appeal is prohibited; it is contradictory to acknowledge, as we have, *supra,* that direct appeal of a holding on a 1404(a) motion is not possible and then to allow what amounts to a full scale appeal through a mandamus proceeding. The scope of a mandamus proceeding must be narrowly maintained else the same impediments to justice and disservices to litigants produced by the appeal of an interlocutory order would be present without compelling counter-

of 1404(a) Orders: Mandamus Misapplied," 67 Yale L.J. 122 (1958); Kaufman, "Further Observations on Transfers under Section 1404(a)," 56 Colum.

L.R. 1 (1956); 1 Barron & Holtzoff, Federal Practice & Procedure § 86.7 (Wright ed.1960).

vailing considerations. At the same time, we are not unaware that judicial economies are nonexistent if the focus of mandamus is too narrow. If, on appeal, it is determined that the 1404(a) motion was improperly ruled upon, a new trial is necessary. Alternatively, and perhaps more persuasively, it may be that the abuse is not susceptible to correction on appeal and, by postponing review, courts are denying effective appeal.

■■ In attempting to formulate a standard for scrutiny through mandamus which is responsive to both of these policies, we cannot rely merely on the incantation that "no writ will be issued absent an abuse of discretion by the trial judge." Such a nebulous criterion serves neither the trial judge who must abide by it nor the litigant who must frame his appeal in terms of it. We decline to issue the writ when it appears from a well-reasoned holding by the trial judge that he has considered the issues listed in 1404 (a) and has made his decision accordingly. It is not our function to substitute our judgment for that of the judge most familiar with the problem. "At best, the judge must guess, and we should accept his guess unless it is too wild." Ford Motor Co. v. Ryan, 182 F.2d 329, 331–332 (2d Cir.), *cert. denied* 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950). However, we can—and must—prevent injustice by demanding that trial judges respect the standards of the statute. The written decision we are presented with here does not enable us to determine with precision that this has here been done. But the equities in this case, as revealed by the record, are so decisively against removal that we need not delay judgment for a more instructive opinion by the trial judge. The fact that the litigation has been pending for nine years in the court below, and now appears to be moving toward conclusion, is compelling evidence that transfer at this state would not serve the interest of justice. Appellants admit that no witnesses are involved and that they only must travel the 300 miles from Las Vegas to Los Angeles for trial. While this is an inconvenience, it is surely one appellants must have contemplated when they changed their place of residence. In any event, it does not outweigh the inconvenience which appellees would experience if suit were to be delayed by transfer. Nor can we find any evidence of prejudice or improper conduct by the trial judge.

In our judgment, the denial of appellants' motion for a change of venue was not clearly erroneous, nor was it an abuse of discretion.

Appeal dismissed. Treating the appeal as a petition for a writ of mandamus, it is denied.