423 F.2d 653
 Fed. Sec. L. Rep. P 92,630
 NORTHERN ACCEPTANCE TRUST 1065 by C. Jon Handy, Trustee, and
Dericksen M. Brinkerhoff, Petitioners,
v.
Honorable William P. GRAY, United States District Judge,
Central District ofCalifornia, et al., Respondents.
 No. 25206.
 
 United States Court of Appeals, Ninth Circuit.
 March 23, 1970
Certiorari Denied June 1, 1970
See 90 S.Ct. 1844.
 Bruce W. Kauffman (argued), of Dilworth, Paxton, Kalish, Kohn & Levy, Philadelphia, Pa., Kenneth Kimmel, Santa Monica, Cal., Alexander Kahan, New York City, for petitioners.
 Lawrence T. Lydick (argued), of Adams, Duque, & Hazeltine, Rodney K. Potter, of O'Melveney & Meyers, Alfred I. Rothman, of Loeb & Loeb, Los Angeles, Cal., Douglas E. Prior, of Cades Cox Schutte Fleming & Wright, Honolulu, Hawaii, James W. Rosenquist, of Orrick, Herrington, Rowley & Sutcliffe, San Francisco, Cal., for respondents.
 Before HAMLEY, MERRILL and WRIGHT, Circuit Judges.
 MERRILL, Circuit Judge.
 
 
 1
 Petitioners seek to have us set aside by writ of mandamus an order for change of venue issued by the District Court.
 
 
 2
 Petitioners brought suit in the Central District of California for alleged violations of the Securities Act of 1933 and the Securities Exchange Act of 1934, and for alleged fraud and breach of fiduciary duties. At issue is the acquisition by the principal defendant, Amfac, Inc., a Hawaiian corporation, of three Hawaiian sugar plantation companies. The three plantation companies and many individuals connected with them and with Amfac were also named as defendants. Petitioners challenge the proxy statements issued by the plantation companies and appraisals made of their assets-- essentially their plantation properties. Their suit is characterized as derivative on behalf of the plantation companies and as a class action on behalf of all shareholders of those companies.
 
 
 3
 Defendants moved for a change of venue to the District of Hawaii under 28 U.S.C. 1404(a).[1] Change of venue was ordered.
 
 
 4
 Petitioners now seek in this court a writ of mandamus directing retransfer of the suit to the Central District of California. The threshold question is whether mandamus is available for review of the District Court order. In support of issuance of the writ petitioners rely on Pacific Car and Foundry Company v. Pence, 403 F.2d 949 (9th Cir. 1968).
 
 
 5
 In that case we were faced with what we regarded as clear error through what amounted to a failure by the District Court to give due consideration to factors relevant to a motion for change of venue under 1404(a).[2] As this court has observed elsewhere, '* * * We can-- and must-- prevent injustice by demanding that trial judges respect the standards of the statute.' Kasey v. Molybdenum Corporation of America, 408 F.2d 16, 20 (9th Cir. 1969).
 
 
 6
 In Pacific Car and Foundry we did not order a change of venue. The writ directed the District Court to vacate its order and entertain petitioner's motion anew, at which time due consideration of the relevant factors might be had. 403 F.2d at 955.
 
 
 7
 The situation now before us is quite different. It is clear from the decision of the court rendered from the bench that all relevant factors were carefully considered and weighed, including the giving of substantial weight to petitioners' choice of forum.[3] Review of the court's order would thus entail a de novo balancing by this court of the competing factors bearing upon convenience and the interests of justice. Mandamus does not and should not issue for such a review. As stated in Kasey v. Molybdenum Corporation of America, supra, 408 F.2d at 20:
 
 
 8
 'We decline to issue the writ when it appears from a well-reasoned holding by the trial judge that he has considered the issues listed in 1404(a) and has made his decision accordingly. It is not our function to substitute our judgment for that of the judge most familiar with the problem.'
 
 
 9
 The petition for a writ of mandamus is denied.
 
 
 
 [1]
 1404(a):
 'For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'
 
 
 [2]
 In that case we noted that 'no contacts of any substance with the State of Hawaii existed as to either party.' 403 F.2d at 955. Plaintiff made no showing that the choice of Hawaii would serve its own convenience. The choice '(was) supported only by the fact that it was chosen.' 403 F.2d at 955
 
 
 [3]
 It appears from the District Court's oral findings, and the trial briefs, that the following factors were balanced:
 For Central California: It was plaintiffs' choice and plaintiffs' residence. Amfac had substantial business contacts there. Many third-party witnesses reside in California. Some of the meetings of Amfac's board of directors and Capital Study Committee leading to the mergers were held in California (Northern, not Central, District). The appraisal on which Amfac acted was prepared for Amfac by Dean Witter & Co., in its Los Angeles office.
 For Hawaii: The operative facts respecting violations of the 1933 and 1934 acts, fraud and breach of fiduciary duties, occurred in Hawaii, where the proxy statements were prepared and disseminated. Assets (principally land) of the companies, the value of whose stock is in issue, are in Hawaii. The land is there available for view. The plantation companies for whom the petitioners act in a derivative capacity have no contact of any substance with California. Seventy-five per cent of the stockholders of those companies (the 'class' petitioners represent) reside in Hawaii, as do the overwhelming majority of individual defendants and a number of important third-party witnesses. Relevant corporation records are kept there. Relative calendar congestion of the courts favors Hawaii.
 The District Court was clearly aware that the special venue provisions of the 1933 and 1934 acts dictated that strong weight be given to plaintiffs' choice of forum. These special venue provisions, of course, did not otherwise affect the applicability of 1404(a). See Ex Parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207 (1949); United States v. National City Lines, 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226 (1949).