959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jane KIRKPATRICK, Plaintiff-Appellant,
v.
Noel HAUSER, Individually; Hass Greenstein Hauser Sims
Cohen and Gerstein, P.C.; and Penn Fromme &
Silberman, Defendants-Appellees.
 No. 92-5301.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff seeks to appeal the order of the district court granting defendants' motion to transfer this legal malpractice action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). The transfer order, however, is not a final order appealable under 28 U.S.C. § 1291. See, e.g., Carteret Savings Bank, F.A. v. Shushan, 919 F.2d 225, 228-30 (3d Cir.1990); Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 7 n. 1 (2d Cir.1987); In re Dalton, 733 F.2d 710, 714-15 (10th Cir.1984), cert. dismissed, 469 U.S. 1185 (1985); Bufalino v. Kennedy, 273 F.2d 71 (6th Cir.1959) (per curiam).
 
 
 2
 This court has a duty to consider sua sponte whether appellate jurisdiction is properly invoked. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 740 (1976); Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam). We conclude that this court lacks jurisdiction because the transfer order is not a final order and has not been certified for review by the district court under 28 U.S.C. § 1292(b). See In re Dalton, 733 F.2d at 714-15.
 
 
 3
 It therefore is ORDERED that this appeal is sua sponte dismissed for lack of jurisdiction.