9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco SANCHEZ-FUENTES, Petitioner-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.
 No. 92-70625.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 9, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francisco Sanchez-Fuentes petitions for review of a Board of Immigration Appeals ("BIA") decision. We have jurisdiction under 8 U.S.C. § 1105a, and we deny the petition for review.
 
 
 3
 Sanchez-Fuentes contends that the BIA erred in affirming the immigration judge's ("IJ") order denying his motion for a change of venue. We disagree. An immigration judge may grant a change of venue for "good cause", 8 C.F.R. § 3.19(b), and the denials of such motions must be evaluated on a case-by-case basis. Baires v. INS, 856 F.2d 89, 92 (9th Cir.1988). The decision whether to grant a motion for change of venue is committed to the sound discretion of the immigration judge and will not be overturned except for an abuse of discretion. Id. An immigration judge commits an abuse of discretion only if there is no evidence to support the decision or if the decision is based on an improper understanding of the law. Song Jook Suh v. Rosenberg, 437 F.2d 1098, 1102 (9th Cir.1971).
 
 
 4
 Here, Sanchez-Fuentes hired an immigration attorney in El Centro, California where he was being held by the INS. Upon being admitted to bail, he filed a request for a change of venue to San Francisco, California, a location close to his residence in San Jose, California. On March 7, 1988, he appeared before the IJ with local counsel and requested that the case be transferred back to El Centro. The IJ granted two separate continuances in order to allow Sanchez-Fuentes an opportunity to retain the services of his preferred El Centro counsel, or alternatively, to retain new counsel. On April 4, local counsel entered a special appearance and argued a motion for change of venue. Counsel specifically argued only that it would be economically inconvenient for preferred counsel to travel from El Centro. Sanchez-Fuentes presented no other evidence as to why El Centro counsel was unavailable to appear in San Francisco or that competent counsel was unavailable in the San Francisco area. Because there was no evidence to support a finding of good cause for a transfer, the IJ did not abuse his discretion in denying Sanchez-Fuentes' motion for change of venue. See generally Matter of Rahman, [Interim Decision 3174 (BIA 1992) ] (IJ not required to change venue to accommodate request for distant attorney); cf. Solomon v. Continental Am. Life Ins Co., 472 F.2d 1043, 1047 (3rd Cir.1973) (convenience of counsel is not a factor to be considered); Sypert v. Miner, 266 F.2d 196, 199 (7th Cir.), cert. denied, 361 U.S. 832 (1959) (inconvenience to counsel not controlling factor).
 
 
 5
 Sanchez-Fuentes further contends that the BIA erred in affirming the IJ's denial of his motion for voluntary departure. We disagree. Sanchez-Fuentes had the burden of proving that he was eligible for voluntary departure. See 8 U.S.C. § 1254(e); Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991). Sanchez-Fuentes produced no evidence regarding his eligibility for such discretionary relief. Accordingly, the BIA properly found him ineligible for voluntary departure.[1]
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Sanchez-Fuentes contends that the denial of his motion to change venue led to his being prejudiced by ineffective assistance of counsel, we decline to reach this issue. See Officers for Justice v. Civil Serv. Comm'n, 979 F.2d 721, 726 (9th Cir.1992) ("We will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief."), cert. denied, 113 S.Ct. 1645 (1993); Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 1 (9th Cir.1988) (same). Moreover, a review of the record indicates that Sanchez-Fuentes was previously deported from the United States and denied voluntary departure both as a matter of law and as an exercise of discretion. Within days of his being deported, he illegally reentered the United States. Additionally, he has been convicted of illegally transporting aliens into the United States, at least one time for financial gain, and he has been twice convicted of drunk driving. On this record, it is not clear that he could have made a showing of eligibility for voluntary departure, either as a matter of law or as an exercise of discretion