### B. HELLER & CO. v. PERRY.

### JEWEL TEA CO., Inc. v. PERRY.

### No. 10735, 10739.

United States Court of Appeals
Seventh Circuit.

Feb. 6, 1953.

Rehearing Denied in No. 10735,
Feb. 27, 1953.

Charles W. Stiefel, Jr. and Arnold M. Flamm, Chicago, Ill., R. D. Sturtevant and John W. Unger, Barrington, Ill., for petitioners.

Eaton Adams, Thomas I. Megan and O. L. Houts, Chicago, Ill., Thomas J. Barnett and Floyd J. Stuppi, Chicago, Ill., for respondent.

Hale Houts, Kansas City, Mo., for intervenor.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

In these two causes each petitioner, plaintiff in an action in the District Court, seeks a writ of mandamus directing Dis-

trict Judge J. Sam Perry to expunge and strike from the court records an order transferring the original cause from the jurisdiction of the United States District Court for the Northern District of Illinois to the United States District Court of Kansas. As the questions presented in each of the two cases are the same, we shall dispose of both in one opinion.

In the complaints filed in the District Court, the plaintiff in one charged the defendant Chicago Rock Island and Pacific Railroad Company and, in the other, the Atchison, Topeka and Santa Fe Railway Company with having accepted for shipment, on or about July 9, 1951, at Chicago, as a common carrier, certain merchandise to be transported, in the first instance to Oklahoma City, Oklahoma, and in the other, to Ft. Worth, Texas, and with having failed to perform its common carrier obligations, so that, as a result of its wrongful failure in the premises, the goods, in one case, of the value of $5235 and, in the other, of $14,274.99, were lost to plaintiffs. In each case the defending railroad company admitted the carriage contract, its failure to deliver, and the value of the goods lost, but asserted, as a special defense, that, while the merchandise was in transit, in the possession of the carrier, it was virtually destroyed by an extraordinary flood "which constituted an Act of God", at Kansas City, Kansas.

Having answered as related, each defendant filed a motion to transfer the action against it, under Section 1404(a) of Title 28 U.S.C., to the United States District Court of Kansas, where suit might have been brought, "for the convenience of parties and witnesses, [and] in the interest of justice," supporting the motion with an affidavit wherein the following facts were set forth.

The loss was caused on or about July 13, 1951, by an unusual, sudden and extraordinary flood, which overflowed the dikes of the Kansas River and inundated the yards of defendants' yards, in or near Kansas City, Kansas, causing the loss and damage of which complaint was made, the amount of which was not disputed. It was asserted that some 30 or more material witnesses resided in the Kansas City community, whose testimony would be essential to a full and fair trial, among them officials and employees of the United States Army Corps of Engineers, the United States Weather Bureau, the United States Geological Survey, the city and county governments, the drainage district, the packing companies and the stockyards, as well as citizens of Kansas City, all of whom it would be impossible to compel to attend a trial in Chicago, but whose attendance at a trial in Kansas City could be accomplished. Other witnesses, including employees of the railroad companies, familiar with the essential facts, likewise lived in the Kansas community. Each defendant asserted that the only controverted questions were whether the flood was an Act of God, within the terms of the bills of lading, and whether it as carrier was guilty of negligence causing the damage to the merchandise flooded in Kansas City.

Each plaintiff filed its counter-affidavit averring that the only controverted questions were whether the flood was an Act of God and, if so, "whether defendant had sufficient notice, or, with the exercise of due care should have had sufficient notice that the flooding of the yard was likely to occur * * * so that in the exercise of ordinary care it should have refrained from placing plaintiff's merchandise in the path of such flood or should have removed it from such path," or "whether defendant's servants and employees acted negligently in failing to divert or remove traffic from the danger area." Each plaintiff contended that the defendant could easily produce its evidence in Chicago, that to transfer the cause would greatly inconvenience it and would not be in the interest of justice. Other pertinent facts were presented by the respective parties. We have sketched only briefly some of the salient evidentiary material before the District Court, sufficient to indicate, in our opinion, full justification for the orders of transfer.

The District Court said: "The court having considered the affidavits, the matters alleged in the complaint, petition for

removal, and the answer filed, and having examined and considered the briefs of counsel, Finds for the convenience of the parties and witnesses, and in the interests of justice, this cause should be transferred to the United States District Court of the District of Kansas at Kansas City, Kansas, where it might have been brought."*

It is urged that this court is without jurisdiction to issue a writ of mandamus in a case such as this,—a much mooted question in the various circuits,[1] which, however, in view of our conclusions, we do not reach.

■■ The statute confers upon the District Court a wide discretion; unless we can say that discretion was abused, we may not interfere. Schoen v. Mountain Producers Corp., 3 Cir., 170 F.2d 707, 714; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329; Nicol v. Koscinski, 6 Cir., 188 F.2d 537, 539. "Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055. "Determination as to the greater convenience or inconvenience must rest within the sound judicial discretion of the district judge to whom the petition for change of venue is addressed, and his decision should not be set aside unless there is apparent an abuse of discretion." Nicol v. Koscinski, 6 Cir., 188 F.2d 537, 538.

■ It is apparent from what we have related that the District Judge had before him all relevant evidence bearing upon the decisive questions of the convenience of the parties and the witnesses, including the fact that the flood occurred in Kansas City; that there numerous witnesses and documents resided and were accessible as witnesses and that what occurred in the yards and what happened to the merchandise was known only to witnesses present at that place and familiar with the facts. If plaintiffs desire to controvert defendants' evidence in this respect at trial they, too, must find their eye witnesses in the same place. No controverted questions depend upon any event occurring in the Northern District of Illinois; both parties must rely upon evidence of events wholly removed from that district. To issue these writs, in this situation, it seems to us, would be to usurp the discretionary function of the District Court. As the court said in Nicol v. Koscinski, U. S. District Judge, 6 Cir., 188 F. 2d 537, 538: "Determination as to the greater convenience or inconvenience must rest within the sound judicial discretion of the district judge to whom the petition for change of venue is addressed, and his decision should not be set aside unless there is apparent an abuse of discretion. This is so whether we accept the view of Judge Frank in Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 331, that the judge must guess and that we should accept his guess unless it is 'too wild,' or whether we take the more conventional approach to the problem by Judge Learned Hand in the same case, who felt that to set aside an order the balance of convenience must be strong enough to declare a finding of the district judge 'clearly erroneous.'" Under any reasonable conception of our function, the relief prayed is beyond our legitimate authority.

Judgment will enter dismissing each petition.

---

* Order; no opinion written.

1. Cited for the proposition are: Nicol v. Koscinski, 6 Cir., 188 F.2d 537, 538; Schoen v. Mountain Producers Corp., 3 Cir., 170 F.2d 707, 714, 5 A.L.R.2d 1226. Cited against it, Wiren v. Laws, D.C. Cir., 194 F.2d 873; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329; Paramount Pictures, Inc. v. Rodney, 3 Cir., 186 F. 2d 111; Atlantic Coast Line R. R. Co. v. Davis, 5 Cir., 185 F.2d 766; Nicol v. Koscinski, 6 Cir., 188 F.2d 537; Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F. 2d 777; C-O-Two Fire Equipment Co. v. Barnes, 7 Cir., 194 F.2d 410.