Otto BEHIMER and John A. Roberts, Petitioners,

v.

Honorable Philip L. SULLIVAN, Chief Judge of the United States District Court for the Northern District of Illinois, Respondent.

No. 12356.

United States Court of Appeals Seventh Circuit.

Nov. 26, 1958.

Warren E. King, Chicago, Ill., for petitioners.

John C. Butler, Louis J. Keating, Chicago, Ill., for respondent.

Before DUFFY, Chief Judge, and MAJOR and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Petitioners for a writ of mandamus, Otto Behimer and John A. Roberts, citizens of Illinois and New York, respectively, filed their complaint for damages in the District Court for the Northern District of Illinois, Eastern Division, against Standard Oil Company and Standard Oil Foundation, Inc., Indiana corporations, on behalf of themselves and other minority stockholders of Utah Oil Refining Co. (herein referred to as UTOCO), a Utah corporation.

The allegations of the complaint, in substance, are that defendants owned a large majority of the stock of UTOCO, approximately 77.6% of the total of 1,391,116 shares of the outstanding stock; that plaintiffs owned 1,900 shares; that 140,519 shares were owned by (to use petitioners' words) "controlled stockholders"; that the officers and directors of UTOCO were under the control and domination of defendants; that, pursuant to an agreement between defendants and UTOCO, a Delaware corporation, wholly owned by Standard Oil Company, was formed; that the only asset of the Delaware corporation was stock of Standard Oil Company; that the Delaware corporation purchased all of the assets of UTOCO and paid therefor with Standard Oil stock so that the only asset of UTOCO became the Standard Oil stock; that this stock, in turn, was distributed to UTOCO stockholders at the rate of one share of Standard for each two shares of UTOCO; and that, after the distribution, UTOCO caused itself to be dissolved.

The complaint further alleges that the "oppressive action" of defendants and the "controlled stockholders" resulted in defendants' acquiring 100% of UTOCO at a price far below the fair value thereof; that UTOCO stockholders were compelled to become stockholders of Standard Oil Company, and that UTOCO stockholders suffered monetary damages to the extent of the difference between the market value of one-half share of Standard Oil stock and the fair value of one share of their UTOCO stock.

Defendants filed their respective answers and motions to dismiss the complaint, and the following day, before any disposition was made of the motions to dismiss, filed their joint motion to transfer the cause to the United States District Court for the District of Utah. Pursuant to order of court, defendants filed their affidavit and brief in support of their motion, petitioners filed their affidavit and brief in opposition thereto, and defendants filed a reply brief.

The district court granted the motion for transfer.

Petitioners, in their affidavit and brief before the district court, allege (without

denial by defendants) that statutory venue does not exist in the United States District Court for the District of Utah, neither defendant does business there, sides there, or is amenable to service of process there.[1]

Petitioners contend in this court, *inter alia*, that respondent lacked power to transfer the action to the District of Utah. In their petition in this court they say that they could not have brought their suit in the District of Utah.

Respondent's answer to the petition for a writ of mandamus sets forth in detail the facts in the case which he believes justified his order of transfer. He asserts that he assumed "that this court, in issuing its Rule to Show Cause, was not concerned with the fact of my power to transfer."

In his brief, respondent asserts that he did have power to make the transfer pursuant to 28 U.S.C.A. § 1404(a). He states that, in their joint motion to transfer, defendants formally assured the court that their personal appearances would be entered in, and they would waive any legal privilege they might have as to the venue of, the United States District Court for the District of Utah, Central Division.

On the facts before us in this record, we are required to decide whether respondent had power to make the transfer. We hold that he did not have that power. Whether or not he properly exercised his discretion in the mistaken belief that he did have such power, it will be unnecessary for us to decide.

The controlling language is contained in 28 U.S.C.A. § 1404(a):

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

When Congress provided for the transfer of a case to a district "where it might have been brought," it meant the district where plaintiff had a recognized right to bring his case under the Venue Act[2] and that this right was unqualified and absolute, not depending upon consent of the defendant, evidenced by waiver, entry of appearance, or otherwise. If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district "where it might have been brought." If he does not have that right, independently of the wishes of defendant, it is not a district "where it might have been brought," and it is immaterial that the defendant subsequently acquiesces. The test is, did the plaintiff have an independent right to commence suit in the district to which it is sought to make transfer? If so, it is a district "where it might have been brought"; otherwise, it is not such a district. We recognize, of course, sch a district. We recognize, of course, that venue may be waived under proper circumstances, but we do not think it can be waived in a forum in which an action has not and could not have been properly brought by the opposing party. To hold otherwise is to permit a defendant to select a forum not available to a plaintiff as a matter of right, and over plaintiff's objection. Blaski v. Hoffman, 7 Cir., 260 F.2d 317.

A writ of mandamus will issue directed to respondent, commanding him to vacate the order entered by him in case numbered 58 C 238, entitled Otto Behimer and John A. Roberts, plaintiffs, v. Standard Oil Company, and Standard Oil Foundation, Inc., Indiana corporations, defendants, which order transferred said case to the United States District Court for the District of Utah, Central Division, and further commanding respondent to proceed to adjudicate and determine said case according to law.

Order mandamus issue.

---

1. Defendants have not challenged the statutory venue, 28 U.S.C.A. § 1391(a), of the District Court for the Northern District of Illinois, Eastern Division. Cf.

Olberding v. Illinois Central R. Co., 346 U.S. 338, 340, 74 S.Ct. 83, 98 L.Ed. 39.

2. 28 U.S.C.A. § 1391.