**LUCERNE PRODUCTS, INC., Plaintiff-Appellant,**

v.

**SKIL CORPORATION, Defendant-Appellee.**

**No. 20886.**

United States Court of Appeals, Sixth Circuit.

May 3, 1971.

Reese Dill, Cleveland, Ohio, for plaintiff-appellant.

Marc L. Swartzbaugh, Cleveland, Ohio, for defendant-appellee.

Before WEICK, PECK and McCREE, Circuit Judges.

PER CURIAM.

This action was instituted in the Common Pleas Court of Summit County, Ohio, from which it was removed at the instigation of the defendant-appellee to the District Court for the Northern District of Ohio. Appeal to this court was perfected from an order dismissing the suit on the ground that the subject matter caused it to constitute a compulsory counterclaim under Rule 13(a), Federal Rules of Civil Procedure, in an action between the same parties pending in the United States District Court for the Northern District of Illinois.

The action was on an account stated and sought recovery of $46,308.01. The motion to dismiss which was sustained by the District Court is couched in obtuse language but appears to contend that appellant was required by Rule 13 (a), *supra*, to assert its claim in "a certain pre-existing action between the parties hereto." The "certain pre-existing action" is identified in a memorandum filed by appellee in support of the motion as a "much larger controversy between these two parties, which controversy is reflected in the litigation commenced on July 11, 1968, by Skil against Lucerne in the United States District Court for the Northern District of Illinois." The ensuing references in appellee's brief and oral argument to that litigation can result only in the conclusion that it is indeed patent litigation of major proportions. Appellant's response, both by brief and oral argument, while vehemently denying that the pendency of the Illinois District Court action is a proper subject for judicial notice, abundantly confirms that conclusion. Were we in this action dealing with the substantive rights of the parties, we would unhesitatingly hold that the nature and magnitude of the Chicago licensing action has not been established either by evidence or judicial notice. However, since we are considering not the substantive rights of the parties but the selection of a forum for the determination of those rights, and for that limited purpose alone, we deem the agreed statement of facts afforded by the briefs and arguments of counsel sufficient. On that state of the record, we find it unnecessary for present purposes to determine whether and if so to what extent a Sixth Circuit District Court may judicially notice the record of an action pending in a District Court in the Seventh Circuit.

In contrast to that prodigious patent action, the present suit, as has been mentioned, is a simple one for goods sold and received. Appellee points to the copies of the correspondence filed with the motion to dismiss (the authenticity of which is supported by affidavit and remains unchallenged) wherein a credit against that value of "not less than $24,000" is apparently conceded by appellant in support of the contention that the subject claim is only a small part of the entire controversy. That circumstance, while persuasive to the District Court, does not establish that the appellant's claim for goods sold arose out of the patent licensing agreement which is the subject matter of the Illinois action. Nor does it defeat appellant's right to recover the balance due, although appellee has, of course, every right to allege any available defense, including such set-off, by answer.

In his order initially granting the motion to dismiss, the District Judge stated that the action was designed "[t]o avoid duplicative litigation", and we are not unmindful of the fact that Rule 13(a) was designed to prevent such duplication.

It was never intended, however, to constitute a bar against the adjudication of rights with reasonable expedition, and, indeed such expedition is the transcendent intent of the Rule. In the present circumstances on balance it is concluded that rather than permit the account here sued on to become lost in the labyrinth of the Chicago licensing agreement proceedings described to us, those rights should be resolved in this action.

The judgment of the District Court will be reversed and the cause remanded for proceedings consistent herewith.